**Roger Justin RECLUS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18129.**

Court of Criminal Appeals of Oklahoma.

May 23, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Andehson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

BUSSEY, Judge:

Appellant, Roger Justin Reclus, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–1243, for the offense of Unlawful Distribution of Marihuana. His punishment was fixed at five (5) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Officer James Pertree testified that he was working as an undercover narcotics agent on April 24, 1972. At ap-

proximately 10:30 p. m., he went to a house at 1633 Northwest Third in Oklahoma City, accompanied by an informer named "Phil." They knocked on the door and were admitted into the house by the defendant. Phil introduced him to the defendant. The defendant stated, "Don't bring anyone new to this house, I thought I told you this before." Phil replied that he was sorry and asked the defendant if he had any marihuana he wanted to sell. The defendant answered that he did, went to the back of the house and returned with a clear plastic baggie containing a green, leafy substance. Defendant handed the bag to Phil who, in turn, handed it to Officer Pertree. The defendant said that the charge would be Twelve ($12.00) Dollars. He gave the defendant three Five Dollar bills and received $3.00 in change. They left the defendant's residence and turned the plastic bag to Officers Lovett and Neal at a pre-arranged location.

On cross-examination, Officer Pertree denied that Phil had told him that he had previously sold the same marihuana to defendant.

Officer Lovett testified that he received the baggie from Pertree and subsequently delivered it to the State chemist.

It was stipulated that the State chemist, if present, would testify that the contents of State's Exhibit 1 was marihuana.

The defendant testified that he lived at 1635 Northwest Third on April 24, 1972, and had known Phil for about one and one-half years as a "pretty close" friend. He testified that he had purchased the marihuana from Phil approximately two weeks prior thereto for $12.00. Officer Pertree and Phil came to his house that night at about 11:00 p. m. and Phil asked to buy the marihuana. Defendant declined, stating he wanted to keep it for his own use. Phil persisted in requesting that the defendant sell the marihuana. Defendant finally agreed to sell it back to him for $12.00 "just as a favor." (Tr. 33)

Officer Pertree testified, in rebuttal, that he and Phil did not beg or coerce the defendant to sell them the marihuana. The defendant stated to them that he would have a larger quantity at a later date, but the baggie was all he had at that time.

The sole proposition urged on appeal asserts that the jury was improperly instructed on entrapment. The court's instruction on entrapment was as follows:

"The Defendant has interposed as one of his defenses, the defense of entrapment. And, in this connection, you are instructed that if you believe from the evidence that the officers, or those acting under them, or any other person with a corrupt private purpose to serve, first suggested the commission of the criminal act, or did first lure the accused into the commission of such acts, he being an otherwise innocent person, then and in that event, it will be your duty to hold for the Defendant and acquit him.

"However, if you believe from the evidence that the first suggestion for the commission of the crime came from the Defendant and that all of the essential acts constituting the crime were done by him, then the fact that the officers, or other person, furnished an opportunity and lent aid in the commission of the offense less than the performing of some essential act constituting the offense, then, and in that event, the defense of entrapment would not apply."

Defendant argues that the language in the instruction "with a corrupt private purpose to serve" and "he being an otherwise innocent person" was unduly restrictive. We disagree. We are of the opinion that the instruction read as a whole is a clear statement of the law and is fair in presenting the defense of entrapment to the jury. The judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.